# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:12-CR-00239-GCM

| | |
|---|---|
| UNITED STATES,<br><br>      Plaintiff,<br><br>v.<br><br>CARRIE TYSON,<br><br>      Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon the pro se Motion for Compassionate Release/Reduction of Sentence (ECF Doc. 1336) and pro se Motion to Appoint Counsel (ECF Doc. 1345), both filed by Defendant Carrie Tyson. The Government filed a Memorandum in Opposition to Defendant's Motion for Compassion Release (ECF Doc. 1340), and a Supplemental Response (ECF Doc. 1344). For the reasons indicated below, the Court finds that Defendant's motions should be denied.

    **I.**    **BACKGROUND**

In brief, Defendant was a leader in a racketeering conspiracy and pled guilty to Count One, RICO Conspiracy, under 18 U.S.C. § 1962. Defendant is currently serving a 216-month term of imprisonment, with a three-year term of supervised release to follow. Defendant's offense conduct shows a long history of fraudulent and deceitful conduct associated with this racketeering conspiracy.

Defendant now seeks for the Court to reduce her sentence and afford her compassionate release due to the circumstances surrounding COVID-19 in conjunction with her age and her various health conditions. Specifically, Defendant asserts that she has issues with her left thyroid,

is obese, has hypertension, has issues with her throat, has vision difficulties, has previously tested positive for COVID-19, and has received inadequate medical care. The Government opposes Defendant's motion. The Government has also noted that the Bureau of Prisons offered to administer the COVID-19 vaccine to Defendant, and she refused the vaccination.

## II. DISCUSSION

### A. Motion for Compassionate Release/Reduction of Sentence

In relevant part, Title 18 of the United States Code, Section 3582, allows a defendant to file a motion seeking to modify her sentence for "extraordinary and compelling reasons," after the defendant has exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (2018). If these exhaustion requirements are met,[1] then the Court may reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The defendant bears the burden of establishing that he or she is eligible for a sentence reduction. *United States v. Jackson*, No. 3:90-cr-85-MOC-DCK, 2021 WL 2226488, at *3 (W.D.N.C. June 2, 2021).

As to the "applicable policy statements" the court must review in considering a sentence reduction, the Fourth Circuit has recently concluded that, because the previously applicable policy statement was not updated to address changes made in the First Step Act, there are no current "applicable policy statements." *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020).

---

[1] The Government does not dispute that Defendant exhausted the administrative requirements for this motion.

Therefore, courts are free to consider any extraordinary and compelling reasons when determining whether a sentence reduction is appropriate. *Id.* at 284. Nevertheless, while the previously applicable policy statement is no longer "applicable" according to that term as used in Section 3582, it is still considered a helpful guidance. *Id.* at 282 n.7.

Turning to the previously applicable policy statement, Section 1B1.13 of the United States Sentencing Guidelines, extraordinary and compelling reasons that may justify a reduction of sentence include: (i) that "[t]he defendant is suffering from a terminal illness" or (ii) that the defendant is suffering from "a serious physical or medical condition," "a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(i)-(ii). Extraordinary and compelling reasons could also include that the defendant is over sixty-five years old, "is experiencing a serious deterioration in physical or mental health because of the aging process," and the defendant has served seventy-five percent of the term of imprisonment. *Id.* § 1B1.13 cmt. n.1(B). The policy statement also specifies that, even if extraordinary and compelling reasons warrant a sentence reduction, the Court must also find that "the defendant is not a danger to the safety of any other person or to the community." *Id.* at § 1B1.13(2).

Here, Defendant has failed to establish extraordinary and compelling circumstances that warrant a sentence reduction. None of the guidelines set forth in Section 1B1.13 justify a reduction of sentence on the facts set forth by Defendant. Additionally, the mere existence of the COVID-19 pandemic does not constitute extraordinary or compelling reasons for reduction of sentence. *See United States v. Day*, 474 F. Supp. 3d 790, 806 (E.D. Va. 2020). Rather, the defendant must show a "particularized susceptibility to the disease and a particularized risk of contracting the

disease at [her] prison facility." *United States v. Blevins*, 832 F. App'x 192, 192 (4th Cir. 2020) (per curiam) (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)).

Though some of Defendant's health conditions may present a higher risk of contracting COVID-19, the record supports that the Bureau of Prisons, and specifically Alderson FPC, are well-equipped to address such alleged concerns. The Bureau of Prisons has developed a thorough and comprehensive set of procedures and protocols to address COVID-19. That Defendant was in a small percentage of inmates at Alderson FPC to contract COVID-19 does not undermine this conclusion, especially given that she safely recovered. *See United States v. Ferguson*, No. 5:15-CR-00018-KDB-DSC-1, 2020 WL 5300874, at *4 (W.D.N.C. Sept. 4, 2020). Rather, it supports that Alderson FPC is adequately prepared to manage and handle Defendant's concerns. *See id.* at *5; *United States v. Hartley*, No. 5:13-CR-00046-KDB-DSC-1, 2020 WL 4926146, at *3 (W.D.N.C. Aug. 21, 2020). Moreover, Defendant declined a COVID-19 vaccination and has, consequently, refused an opportunity to minimize any existing risk of contracting COVID-19. *See United States v. Feiling*, No. 3:19cr112 (DJN), 2020 WL 5047064, at *7 (E.D. Va. Aug. 26, 2020). In sum, Defendant has not established extraordinary and compelling reasons for sentence reduction.

Even if Defendant had established that extraordinary and compelling circumstances supported a sentence reduction, the Section 3553(a) factors do not favor reducing her sentence. The nature and circumstances of Defendant's offense, her history and her characteristics, as well as the need to reflect the seriousness of her offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public all strongly favor the current sentence. Based on a careful consideration of the facts and circumstances of this motion, the Court

concludes that Defendant's Motion for Compassionate Release/Reduction of Sentence should be **DENIED**.

### B. Motion to Appoint Counsel

Lastly, the Court addresses Defendant's Motion to Appoint Counsel. There is no constitutional right to the appointment of counsel in post-conviction criminal motions such as this one. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). Courts have discretion to appoint counsel in proceedings under 18 U.S.C. § 3582 if the interests of justice so require. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). The Court does not find that the interests of justice so require in this case and declines to appoint counsel on Defendant's behalf. Therefore, the Motion to Appoint Counsel will be **DENIED**.

### III. ORDER

**IT IS THEREFORE ORDERED** that the pro se Motion for Compassionate Release/Reduction of Sentence (ECF Doc. 1336) is **DENIED**.

**IT IS FURTHER ORDERED** that the pro se Motion to Appoint Counsel (ECF Doc. 1345) is **DENIED**.

**SO ORDERED**.

Signed: June 30, 2021

*[Signature]*

Graham C. Mullen
United States District Judge